IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DANIEL ERIC COBBLE,         :
           :
        Petitioner,     :
           :
     VS.          :
           :    CIVIL No.  5:14-CV-313-MTT
WARDEN ERIC SELLERS,    :
           :    28 U.S.C. § 2241
        Respondent.   :

## ORDER

Petitioner Daniel Eric Cobble, who is currently incarcerated at the Hancock State Prison in Sparta, Georgia, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1.)  A review of his prior criminal proceedings reveals that Petitioner was convicted in Cobb County in 2001 of aggravated stalking, three counts of obstruction of an officer, interference with government property, and terroristic threats. *See Cobble v. State,* 268 Ga. App. 792 (2004).  Petitioner, while still incarcerated, was thereafter convicted in Wilcox County in 2005 of two counts of felony obstruction of a law enforcement officer.  *See Cobble v. State,* 297 Ga. App. 423 (2009).  It is noted that Petitioner has filed seven previous petitions in this Court alone regarding his prior convictions.[1]

In his current petition, Petitioner states that he is challenging "baldwin county pending charges and cherokee county pending charges and cobb county 2011 and

---

[1] *See Cobble v. Upton*, 5:07-cv-41-CAR; *Cobble v. Chasteen*, 5:08-cv-00461-HL-CWH; *Cobble v. Owens, et al.*, 5:11-cv-00034-MTT-CHW; *Cobble v. Mclaughlin*, 5:12-cv-00086-CAR-CHW; *Cobble v. Weigle*, 5:12-cv-00438-MTT-MSH; *Cobble v. Oubre, et al.,* 5:13-cv-00253-MTT-MSH; and *Cobble v. Royal, et al.*, 5:13-cv-00277-MTT-MSH.

2012 pending charges and challenging other illegal pretrial detainment issues."   (Pet. For Writ of Habeas Corpus p. 1; Doc.1.)  Most of Petitioner's petition is illegible, but from what the Court can decipher, Petitioner appears to contend that he is specifically challenging the following offenses: two counts of terroristic threats in Baldwin County; cruelty to children charges "and I don't know what else" in Cherokee County; and three counts of terroristic threats in Cobb County wherein Petitioner states "my ex took out warrants on me in 2011 and 2012, I assume my ex did it."

Based on the facts as alleged in Petitioner's pleading, this Court cannot provide him any relief.  Because Petitioner's criminal prosecution in these cases is ongoing, the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971) requires that this Court abstain from interfering with those proceedings.  Specifically, the Supreme Court stated that federal courts "should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  *Id.* at 43-44.  Exceptions to *Younger* are made in only three circumstances: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004).  Petitioner's allegations fail to meet any of the exceptions.

For the foregoing reasons, it is ordered that Petitioner's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**.  It is further ordered that the instant petition be **DISMISSED WITHOUT PREJUDICE.**  Petitioner's motion for emergency order (Doc. 4) is likewise **DENIED as MOOT.**

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts, as amended December 1, 2009, provides that "[t]he district court must issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c), a COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  The Court declines to issue a COA because Petitioner has not made a substantial showing of the denial of any constitutional right.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

SO ORDERED, this 26th day of September, 2014.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT


lws