IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, | : |
| Petitioner, | : |
| VS. | : |
| | : CIVIL No. 5:14-CV-313-MTT |
| WARDEN ERIC SELLERS, | : |
| | : 28 U.S.C. § 2241 |
| Respondent. | : |

## ORDER

Petitioner Daniel Eric Cobble filed a petition for writ of habeas corpus challenging pending criminal charges against him in several Georgia counties. The Court previously dismissed the petition without prejudice because the petition challenges criminal charges that have not yet been adjudicated by the state courts. Order, Sept. 26, 2014, ECF No. 5. The Court also concluded that Petitioner was not entitled to a certificate of appealability. *Id.* at 3. Now, Petitioner seeks reconsideration of that Order. He also seeks a certificate of appealability, and leave to appeal *in forma pauperis.* As discussed below, Petitioner is not entitled to any of the relief he seeks, so his Motion for Reconsideration (ECF No. 9), Motion for Certificate of Appealability (ECF No. 12), and Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 8) are **DENIED.**

I.   **Motion for Reconsideration**

The Court dismissed Petitioner's habeas petition because it challenged criminal charges that have not been adjudicated- not charges for which he is currently incarcerated. Order, Sept. 26, 2014, ECF No. 5. Again, the Court must abstain from interfering with ongoing state court proceedings though there are some narrow

exceptions to this rule. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (stating the exceptions to the *Younger* doctrine.)

In support of his motion for reconsideration, Petitioner argues that the "bad faith exception" applies to his case because the "state has not given [Petitioner] any proceedings at all for years now" in the Cobb County and Cherokee County cases. For the bad faith exception to apply, Petitioner must make a substantial showing of actual bad faith such as a prosecution brought with an intention to harass or with no intention of securing a conviction. *Hudson v. Hubbard*, 358 F. App'x 116, 882 (11th Cir. 2009) (per curiam) (internal quotation marks omitted); *accord Younger v. Harris,* 401 U.S. 37, 48 (1971). Petitioner believes there has been a delay in his state court proceedings, but he did not make a substantial allegation showing actual bad faith. Petitioner's motion for reconsideration is thus denied.[1]

## II.     Petitioner's Appeal-Related Motions

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant has made a substantial showing of the

---

[1] Even were the Younger doctrine inapplicable to Petitioner's case, his petition would still be dismissed. "Absent custody by the authority against whom relief is sought, jurisdiction will not lie to grant the writ." *Gonzales-Corrales v. Immigration & Customs Enforcement*, 522 F. App'x 619, 623 (11th Cir. 2013) (per curiam) (internal quotation marks omitted). "Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). Petitioner is currently confined under a conviction for aggravated stalking, three counts of obstruction of an officer, interference with government property, and terroristic threats from 2001. He is not confined because of the charges he seeks to challenge in his present petition. Because Petitioner is not challenging the validity of his current confinement, the Court is without jurisdiction to address his claims.

denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the Court previously concluded, Petitioner has not made a substantial showing of the denial of any constitutional right, so he is not entitled to a certificate of appealability. His Motion for Certificate of Appealability (ECF No. 12) is thus denied. Petitioner cannot appeal without a certificate of appealability so his Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 8) is moot.

      SO ORDERED this 21st day of October, 2014.

                                  S/ Marc T. Treadwell
                                  MARC T. TREADWELL, JUDGE
                                  UNITED STATES DISTRICT COURT

lws